UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dennell Malone,    Case No. 3:94-106(1) (PAM)

    Petitioner,

v.    **MEMORANDUM AND ORDER**

United States of America,

    Respondent.

---

This matter is before the Court on Petitioner Dennell Malone's "Petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651(A)." For the reasons that follow, the Motion is denied.

**BACKGROUND**

In 1995, Malone was convicted on multiple counts including attempted murder-for-hire, use of a firearm in relation to a drug-trafficking crime, and participation in a wide-ranging conspiracy to distribute crack cocaine. He was sentenced to a term of life imprisonment. The Eighth Circuit affirmed both his conviction and sentence on direct appeal. See United States v. Delpit, 94 F.3d 1134 (8th Cir. 1996).

Since then, Malone has brought multiple post-conviction motions. He first filed a motion under 28 U.S.C. § 2255 challenging his conviction and sentence. The Court granted the motion in part, found his offense level to be 43, and re-sentenced Malone to life imprisonment. He appealed that ruling, and the Eighth Circuit affirmed once again. In 2001 and 2003, Malone sought permission from the Eighth Circuit to file a second or successive § 2255 motion as required by § 2255(h). Those requests were denied. In

2008, Malone brought a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) after U.S.S.G. § 2D1.1 was amended.  The Court granted this motion and Malone's offense level decreased from a 43 to a 42.  (Order (Docket No. 726)).  His sentence, however, remained the same.  (Id.)

In 2009, Malone brought a motion similar to the one presently before the Court. In a "Motion to Reopen and Supplement Original Criminal Case and/or Civil Case Under 28 U.S.C. § 1651," Malone argued that the Court should have vacated his conviction and sentence because the Court, not the jury, calculated drug quantities for which Malone was responsible, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  The Court denied that Motion because the exclusive remedy available to Malone was a § 2255 motion and the Court could not treat Malone's motion as such because he was not eligible for § 2255 relief.  (Order (Docket No. 724)).  Malone needed approval from the Eighth Circuit Court of Appeals pursuant to § 2255(h), which he did not have.  (Id.)

**DISCUSSION**

Malone brings his motion for writ of error coram nobis pursuant to 28 U.S.C. § 1651, the All Writs Act.  The Act provides that "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a). Malone argues that the Court should vacate his 18 U.S.C. § 924(c) conviction and sentence because he did not "use" the firearm according to the Supreme Court's ruling in Bailey v. United States, 516 U.S. 137 (1995).  The relief Malone seeks, however, is procedurally barred for two reasons.

First, a writ of error coram nobis is "not available to an individual who is currently in federal custody." United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000). Malone is currently in federal custody and is thus precluded from coram nobis relief.

Second, the All Writs Act does not control here. Where a statute "specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). The federal habeas corpus statute provides relief to prisoners who claim that their sentence was "imposed in violation of the Constitution or laws of the United States" and may then "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). This type of relief is exactly what Malone seeks here.

Normally the Court would treat Malone's coram nobis Motion as a § 2255 motion. But when a federal prisoner has previously filed a § 2255 motion he must receive a pre-authorization order from the Court of Appeals before he can seek relief under § 2255 again. 28 U.S.C. § 2255(h); Boykin v. United States, 2000 WL 1610732 (8th Cir. 2000). Malone previously filed a § 2255 motion and has not received a pre-authorization order from the Eighth Circuit to file a second § 2255 motion. Thus, he is not currently eligible for relief under § 2255. Absent a pre-authorization order from the Eighth Circuit, the Court may not treat Malone's § 1651 Motion as a § 2255 motion. See Noske, 235 F.3d at 406 ("The writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255.").

**CONCLUSION**

Malone is procedurally barred from bringing his coram nobis Motion because he currently is in federal custody and the All Writs Act is not the proper form of relief. Furthermore, Malone is not eligible for § 2255 relief because he has not received a pre-authorization order from the Eighth Circuit to file a second motion.

Accordingly, **IT IS HEREBY ORDERED** that Malone's "Petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651(A)" (Docket No. 753) is **DENIED**.

Dated: November 25, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge