UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 3:94-106(1)

    Plaintiff,

v.                                                                     **MEMORANDUM AND ORDER**

Dennell Ray Malone,

    Defendant.

---

This matter is before the Court on Defendant Dennel Ray Malone's pro se Motion to Dismiss. Malone seeks to dismiss his conviction for a violation of 18 U.S.C. § 924(c) and to vacate the consecutive 60-month sentence imposed for that conviction. According to Malone,§ 924(c) is unconstitutional under the ruling in Johnson v. United States, 135 S. Ct. 2551 (2015).

In Johnson, the Supreme Court determined that a portion of the Armed Career Criminal Act, specifically the residual clause of § 924(e), was unconstitutionally vague. Id. at 2557. The Armed Career Criminal Act imposes enhanced penalties on individuals who illegally possess firearms and who have bee previously convicted of three or more "violent felonies" or certain drug-trafficking offenses. The residual clause in the ACCA defines "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court found that this portion of the definition was unconstitutionally vague because

it required courts to reconstruct a defendant's prior convictions to determine whether the conviction fell within the definition.  <u>Johnson</u>, 135 S. Ct. at 2557-58.

Section 924(c) provides that an individual who uses a firearm "during and in relation to a crime of violence or drug trafficking crime" shall receive an enhanced sentence for that conduct.  The subsection defines "crime of violence" as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "that by its nature, involves a substantial risk that physical force against the person or property may be used in the courts of committing the offense."  18 U.S.C. 924(c)(3)(A)-(B).

The Court sentenced Malone to an additional 60-month sentence, consecutive to the sentences imposed for his other crimes, because of his conviction under § 924(c).  Malone contends that this conviction must be dismissed because <u>Johnson</u>'s holding necessarily means that § 924(c)(3)(B)'s definition of crime of violence is unconstitutionally vague.

But in this case, the Court need not attempt to reconstruct prior convictions to determine whether Malone fits within a potentially vague definition of violent felony or crime of violence.  Malone was convicted before this Court of multiple crimes, including murder for hire, conspiracy to engage in interstate travel in the commission of murder for hire, and multiple serious drug-trafficking offenses.  Thus the Court need only look to the evidence regarding Malone's offense conduct, as outlined at trial and in the pre-sentence investigation report, to determine whether that conduct constitutes a "crime of violence."  As the Supreme Court noted, most statutes that use the phrase "substantial risk" are not void for

vagueness because those statutes "require gauging the riskiness of conduct in which an individual engages on a particular occasion." Johnson, 135 S. Ct. at 2561. "[W]e do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." Id. This is precisely what Malone's § 924(c) conviction required: the application of the "substantial risk" standard to his conduct in this case. Section 924(c)(3)(B) is not unconstitutionally vague. See United States v. Prickett, No. 3:14cr30018, 2015 WL 5884904 (W.D. Ark. Oct. 8, 2015). And Malone's conduct was a "crime of violence," making the application of § 924(c) appropriate in his case.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Dismiss (Docket No. 774) is **DENIED**; and
2. Defendant's Motion to Appoint Counsel (Docket No. 775) is **DENIED as moot**.

Date: June 9, 2016

                                             *s/Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge